UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BRIAN DAVISON, | Case No. 1:21-cv-01388-HBK |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIM[2] |
| v. | |
| UNKNOWN,[1] | FOURTEEN-DAY OBJECTION PERIOD |
| Respondent. | (Doc. No. 1) |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Ronnie Brian Davison, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in

---

[1] "The federal habeas statute provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426 (2005) (citing 28 U.S.C. § 2242). If Petitioner files objections to these findings and recommendations, he should provide the name of his warden as the respondent in his objections.

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). As more fully set forth herein, based on the facts and governing law, the undersigned recommends that the Petition be dismissed because the sole ground for relief raised in the Petition is unexhausted.

## I. BACKGROUND

Petitioner initiated this case on September 16, 2021 by filing the instant petition. (Doc. No. 1). Petitioner is confined in "C.T. F." serving an eight-month prison sentence entered by the Fresno County Superior Court on March 25, 2021 for his *nolo contendere* plea-based conviction for attempted second-degree burglary.[3] (*Id*. at 2). The petition raises one ground for relief. (*Id*. at 3). Specifically, Petitioner claims that the Fresno County court clerk failed to properly give him credit for time served as ordered by the trial court judge and thus his sentence is incorrectly calculated. (*Id*.). Attached to the petition is a copy of Petitioner's sentencing proceedings during which the superior court set forth Petitioner's various time-served credits. (*Id*. at 10-11).

## II. APPLICABLE LAW AND ANALYSIS

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available

---

[3] Petitioner's total sentence is longer than eight months due to additional convictions which are not the subject of this petition.

State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Here, Petitioner does not show that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Nor does Petitioner state that he either directly appealed or sought habeas review before state appellate or supreme court. (*See* Doc. No. 1 at 5-6). The Court takes judicial notice of the California Courts Appellate Courts Case Information online database pursuant to Rule 201 of the Federal Rules of Evidence, which lists no appellate or supreme court cases for petitioner.[4] Petitioner states that his research indicates that this Court is the proper court "to correct this mistake in my time credits." (*Id*. at 6). Petitioner is mistaken because he can, and must, first seek to correct any errors before both the state appellate and supreme court before seeking habeas review in this Court. *See* 28 U.S.C. § 2254(b)(1). If Petitioner has in fact exhausted his claims before the state courts, he should provide proof of this exhaustion in his objections to these findings and recommendations. Accordingly, the Court recommends that the petition be dismissed without prejudice to Petitioner refiling once he has exhausted his claims in the state courts.

## IV.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[4] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Ronnie Davison").

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

1. The petition (Doc. No. 1) be DISMISSED without prejudice.
2. Petitioner be denied a certificate of appealability.

Further, it is ORDERED:

This case be assigned to a district judge for the purposes of reviewing these findings and recommendations.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   September 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE